# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:13-CV-1119(TJM/RFT) |
| ) | |
| STONYBROOK LAND, LLC, ) | |
| ) | |
| Defendant. ) | |

## CONSENT DECREE

WHEREAS, the Plaintiff, the United States of America, on behalf of the United States Army Corps of Engineers ("the Corps of Engineers"), filed the Complaint herein against Defendant STONYBROOK LAND, LLC ("Defendant"), alleging that Defendant violated Sections 301(a) and 404(a) of the Clean Water Act ("CWA"), 33 U.S.C. §§ 1311(a), 1344(a);

WHEREAS, the Complaint alleges that Defendant violated CWA Sections 301(a) and 404(a) by discharging dredged or fill material and/or controlling and directing the discharge of dredged or fill material into waters of the United States at a site known as Water's Edge II located in Grafton, Rensselaer County, New York (the "Discharge Site") and more fully described in the Complaint, without complying with authorization given by the Corps of Engineers;

WHEREAS, the Complaint seeks (1) to enjoin the discharge of pollutants into waters of the United States in violation of CWA Section 301(a), 33 U.S.C. § 1311(a); (2) to require Defendant, at its own expense and at the direction of the Corps of Engineers, to restore and/or

mitigate the damages caused by its unlawful activities; and (3) to require Defendant to pay civil penalties as provided in 33 U.S.C. § 1344(s);

WHEREAS, this Consent Decree is intended to constitute a complete and final settlement of the United States' claims under the CWA set forth in the Complaint regarding the Discharge Site;

WHEREAS, the United States and Defendant agree that settlement of this case is in the public interest and that entry of this Consent Decree is the most appropriate means of resolving the United States' claims under the CWA against Defendant in this case; and

WHEREAS, the Court finds that this Consent Decree is a reasonable and fair settlement of the United States' claims against Defendant in this case, and that this Consent Decree adequately protects the public interest in accordance with the CWA and all other applicable federal law.

THEREFORE, before the taking of any testimony upon the pleadings, without further adjudication of any issue of fact or law, and upon consent of the parties hereto, it is hereby ORDERED, ADJUDGED and DECREED as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of these actions and over the parties pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Section 404(s) of the CWA, 33 U.S.C. § 1344(s).

2. Venue is proper in the Northern District of New York pursuant to CWA Section 404(s), 33 U.S.C. § 1344(s), and 28 U.S.C. §§ 1391(b) and (c), because the Defendant conducts business in this District, the subject property is located in this District, and the causes of action alleged herein arose in this District.

3. The Complaint states claims upon which relief can be granted pursuant to Sections 301 and 404 of the CWA, 33 U.S.C. §§ 1311 and 1344.

## II. APPLICABILITY

4. The obligations of this Consent Decree shall apply to and be binding upon the Defendant, its officers, directors, agents, employees, members, and servants, and their successors and assigns and any person, firm, association or corporation who is, or will be, acting in concert or participation with the Defendant whether or not such person has notice of this Consent Decree. In any action to enforce this Consent Decree against the Defendant, the Defendant shall not raise as a defense the failure of any of its officers, directors, agents, employees, members, successors or assigns or any person, firm or corporation acting in concert or participation with the Defendant, to take any actions necessary to comply with the provisions hereof.

5. The transfer of ownership or other interest in the "Mitigation Site" and/or "Preservation Site" (as described in Appendix "A") appended hereto and incorporated herein by reference) shall not alter or relieve Defendant of its obligation to comply with all of the terms of this Consent Decree. At least fifteen (15) days prior to the transfer of ownership or other interest in the Mitigation Site and/or the Preservation Site, the party making such transfer shall provide written notice and a true copy of this Consent Decree to its successors in interest and shall simultaneously notify the Corps of Engineers and the United States Department of Justice at the addresses specified in Section IX below that such notice has been given. As a condition to any such transfer, the Defendant shall reserve all rights necessary to comply with the terms of this Consent Decree.

## III. SCOPE OF CONSENT DECREE

6.  This Consent Decree shall constitute a complete and final settlement of all civil claims for injunctive relief and civil penalties alleged in the Complaint against the Defendant under CWA Sections 301 and 404 concerning the Discharge Site.

7.  It is the express purpose of the parties in entering this Consent Decree to further the objectives set forth in CWA Section 101, 33 U.S.C. § 1251. All obligations in this Consent Decree or resulting from the activities required by this Consent Decree shall have the objective of causing the Defendant to achieve and maintain full compliance with, and to further the purposes of, the CWA.

8.  Except as in accordance with this Consent Decree, the Defendant and Defendant's agents, successors and assigns are enjoined from discharging any pollutant into waters of the United States, unless such discharge complies with the provisions of the CWA and its implementing regulations.

9.  The parties acknowledge that Nationwide Permit 14, found at 67 Fed. Reg. 2020 (Jan. 15, 2002), authorizes fill that was placed as of 2006 in the areas identified in Appendix "A", and that the Corps of Engineers verified the applicability of Nationwide Permit 14 by letter to the Defendant dated April 7, 2006 (Appendix "B" appended hereto and incorporated herein by reference), subject to the conditions provided in the Nationwide Permit, the letter attached hereto as Appendix "B" and this Consent Decree. The parties further acknowledge that Nationwide Permit 32, found at 77 Fed. Reg. 10,269 (Feb. 21, 2012), authorizes the discharge of dredged or fill material insofar as such discharge is necessary to complete the work required to be performed pursuant to this Consent Decree. Any such discharge of dredged or fill material necessary for work required by this Consent Decree shall be subject to the conditions of the Nationwide

4

General Permits, the letter attached hereto Appendix "B"(excepting Special Condition (B) thereof, which is hereby superseded), and this Consent Decree.

10. This Consent Decree is not and shall not be interpreted to be a permit or modification of any existing permit issued pursuant to Sections 402 or 404 of the CWA, 33 U.S.C. §§ 1342 or 1344, or any other law. Nothing in this Consent Decree shall limit the ability of the Corps of Engineers to issue, modify, suspend, revoke or deny any individual permit or any nationwide or regional general permit, nor shall this Consent Decree limit the United States Environmental Protection Agency's ("EPA's") ability to exercise its authority pursuant to Section 404(c) of the CWA, 33 U.S.C. § 1344(c).

11. This Consent Decree in no way affects or relieves the Defendant of its responsibility to comply with any applicable federal, state, or local law, regulation or permit.

12. This Consent Decree in no way affects the rights of the United States as against any person not a party to this Consent Decree.

13. The United States reserves any and all legal and equitable remedies available to enforce the provisions of this Consent Decree and applicable law.

14. Nothing in this Consent Decree shall constitute an admission of fact or law by any party.

## IV. SPECIFIC PROVISIONS

### CIVIL PENALTIES

15. The Defendant shall pay a civil penalty to the United States in the amount of Twelve Thousand Dollars ($12,000.00), as follows: a payment of Three Thousand Dollars ($3,000.00) shall be made within twenty-four (24) months of entry of this Consent Decree; a payment of Three Thousand Dollars ($3,000.00) shall be made within forty-eight (48) months of

5

entry of this Consent Decree; a payment of Three Thousand Dollars $3,000.00 shall be made within seventy-two (72) months of entry of this Consent Decree; and a payment of Three Thousand Dollars $3,000.00 shall be made within one hundred twenty (120) months of entry of this Consent Decree.

16. The Defendant shall make the above-referenced payments by FedWire Electronic Funds Transfer ("EFT" or wire transfer) to the United States Attorney's Office for the Northern District of New York account in accordance with current electronic funds transfer procedures, referencing USAO file number 2010V00052 and CDCS number 2013A66346, and Corps of Engineers New York District file number NAN-2005-00830. Payments shall be made in accordance with instructions provided to the Defendant by the Financial Litigation Unit of the United States Attorney's Office for the Northern District of New York. Any payments received by the United States Attorney's Office after 4:00 P.M. (Eastern Time) will be credited on the next business day.

17. Upon making each payment of the civil penalty required by this Consent Decree, the Defendant shall provide written notice, at the addresses specified in Section IX of this Consent Decree, that such payment was made in accordance with Paragraph 16.

18. Civil penalty payments pursuant to this Consent Decree are penalties within the meaning of Section 162(f) of the Internal Revenue Code, 26 U.S.C. § 162(f), or of 26 C.F.R. § 1.162-21 and are not tax deductible expenditures for purposes of federal law.

MITIGATION AND PRESERVATION

19. The Defendant shall perform a mitigation project as described, and under the terms and conditions stated in Appendix "A" appended hereto and incorporated herein by

reference. Defendants shall also comply with the terms and conditions of the preservation described in Appendix "A".

20. To ensure that the land identified in Appendix "A" remains undisturbed, the Defendant shall, within fifteen (15) days of entry of this Consent Decree, record a certified copy of this Consent Decree with the Clerk of Rensselaer County, New York. Thereafter, each deed, title, or other instrument conveying an interest in any property identified in Appendix "A" shall contain a notice stating that the property is subject to this Consent Decree and shall reference the recorded location of the Consent Decree and any restrictions applicable to the property under this Consent Decree.

## V. NOTICES AND OTHER SUBMISSIONS

21. Within 30 days after the deadline for completing any task set forth in Appendix "A" of this Consent Decree, the Defendant shall provide the United States with written notice, at the addresses specified in Section IX of this Consent Decree, of whether or not that task has been completed.

22. If the required task has been completed, the notice shall specify the date when it was completed, and explain the reasons for any delay in completion beyond the scheduled time for such completion required by the Consent Decree.

23. In all notices, documents or reports submitted to the United States pursuant to this Consent Decree, the Defendants shall, by signature of a senior management official, certify such notices, documents and reports as follows:

I certify under penalty of law that this document and all attachments were prepared under my direction or supervision in accordance with a system designed to assure that qualified personnel properly gather and evaluate the information submitted. Based on my inquiry of the

person or persons who manage the system, or those persons directly responsible for gathering such information, the information submitted is, to the best of my knowledge and belief, true, accurate and complete. I am aware that there are significant penalties for submitting false information, including the possibility of fine and imprisonment for knowing violations.

VI. <u>RETENTION OF RECORDS AND RIGHT OF ENTRY</u>

24. Through the period of mitigation monitoring, identified in Appendix "A," the Defendant shall preserve and retain all records and documents now in its possession or control or which come into its possession or control that relate in any manner to the performance of the tasks in Appendix "A", regardless of any corporate retention policy to the contrary. Until the conclusion of mitigation monitoring, the Defendant shall also instruct its contractors and agents to preserve all documents, records, and information of whatever kind, nature or description relating to the performance of the tasks in Appendix "A".

25. At the conclusion of the document retention period, the Defendant shall notify the United States at least 90 days prior to the destruction of any such records or documents, and, upon request by the United States, Defendants shall deliver any such records or documents to the Corps of Engineers. The Defendant may assert that certain documents, records and other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If the Defendant asserts such a privilege, it shall provide the United States with the following: (A) the title of the document, record, or information; (B) the date of the document, record, or information; (C) the name and title of the author of the document, record, or information; (D) the name and title of each addressee and recipient; (E) a description of the subject of the document, record, or information; and (F) the privilege asserted by the Defendant.

8

However, no documents, reports or other information created or generated pursuant to the requirements of the Consent Decree shall be withheld on the grounds that they are privileged.

26. Until termination of this Consent Decree, the United States and its authorized representatives and contractors shall have authority at all reasonable times to enter the Defendant's premises to: (A) monitor the activities required by this Consent Decree; (B) verify any data or information submitted to the United States; (C) obtain samples; (D) inspect and evaluate the Defendant's restoration and/or mitigation activities; and (E) inspect and review any records required to be kept under the terms and conditions of this Consent Decree and the CWA. This provision of this Consent Decree is in addition to, and in no way limits or otherwise affects, the statutory authorities of the United States to conduct inspections, to require monitoring and to obtain information from the Defendant as authorized by law.

## VII. DISPUTE RESOLUTION

27. Any dispute that arises with respect to the meaning or requirements of this Consent Decree shall be, in the first instance, the subject of informal negotiations between the United States and the Defendant to attempt to resolve such dispute. The period for informal negotiations shall not extend beyond thirty (30) days beginning with written notice by one party to the other affected party or parties that a dispute exists, unless agreed to in writing by those parties. If a dispute between the United States and the Defendant cannot be resolved by informal negotiations, then the position advanced by the United States shall be considered binding unless, within fourteen (14) days after the end of the informal negotiations period, the Defendant files a motion with the Court seeking resolution of the dispute. The motion shall set forth the nature of the dispute and a proposal for its resolution. The United States shall have thirty (30) days to respond to the motion and propose an alternate resolution. In resolving any such dispute, the

Defendant shall bear the burden of proving by a preponderance of the evidence that the United States' position is not in accordance with the objectives of this Consent Decree and the CWA, and that the Defendants' position will achieve compliance with the terms and conditions of this Consent Decree and the CWA.

28. If the United States believes that a dispute is not a good faith dispute, or that a delay would pose or increase a threat of harm to the public or the environment, it may move the Court for a resolution of the dispute prior to the expiration of the thirty (30) day period for informal negotiations. The Defendant shall have fourteen (14) days to respond to the motion and propose an alternate resolution. In resolving any such dispute, the Defendant shall bear the burden of proving by a preponderance of the evidence that the United States' position is not in accordance with the objectives of this Consent Decree, and that the Defendant's position will achieve compliance with the terms and conditions of this Consent Decree and the CWA.

29. The filing of a motion asking the Court to resolve a dispute shall not extend or postpone any obligation of the Defendant under this Consent Decree.

## VIII. FORCE MAJEURE

30. The Defendant shall perform the actions required under this Decree within the time limits set forth or approved herein, unless the performance is prevented or delayed solely by events which constitute a Force Majeure event. A Force Majeure event is defined as any event arising from causes beyond the control of the Defendant, including its employees, agents, consultants and contractors, which could not be overcome by due diligence and which delays or prevents the performance of an action required by this Consent Decree within the specified time period. A Force Majeure event does not include, inter alia, increased costs of performance, changed economic circumstances, changed labor relations, normal precipitation or climate

events, changed circumstances arising out of the sale, lease or other transfer or conveyance of title or ownership or possession of a site, or failure to obtain federal, state or local permits.

31. If the Defendant believes that a Force Majeure event has affected Defendant's ability to perform any action required under this Consent Decree, the Defendant shall notify the United States in writing within seven (7) calendar days after the event at the addresses listed in Section IX. Such notice shall include a discussion of the following: (A) what action has been affected; (B) the specific cause(s) of the delay; (C) the length or estimated duration of the delay; and (D) any measures taken or planned by the Defendant to prevent or minimize the delay and a schedule for the implementation of such measures. The Defendant may also provide to the United States any additional information that it deems appropriate to support its conclusion that a Force Majeure event has affected its ability to perform an action required under this Consent Decree. Failure to provide timely and complete notification to the United States shall constitute a waiver of any claim of Force Majeure as to the event in question.

32. If the United States determines that the conditions constitute a Force Majeure event, then the deadline for the affected action shall be extended by the amount of time of the delay caused by the Force Majeure event. The Defendant shall coordinate with the Corps of Engineers to determine when to begin or resume the operations that had been affected by any Force Majeure event.

33. If the parties are unable to agree whether the conditions constitute a Force Majeure event, or whether the length of time for fulfilling the provision of the Consent Decree at issue should be extended, any party may seek a resolution of the dispute under the procedures in Section VII of this Consent Decree.

34. The Defendant shall bear the burden of proving (A) that the noncompliance at issue was caused by circumstances entirely beyond the control of the Defendant and any entity controlled by the Defendant, including its contractors and consultants; (B) that the Defendant or any entity controlled by the Defendant could not have foreseen and prevented such noncompliance; and (C) the number of days of noncompliance that were caused by such circumstances.

## IX. ADDRESSES

35. All notices and communications required under this Consent Decree shall be made to the parties through each of the following persons and addresses:

    A.    TO THE CORPS OF ENGINEERS:

        United States Army Corps of Engineers
        New York District Office of Counsel
        26 Federal Plaza, Room 1837
        New York, NY 10278-0030

        United States Army Corps of Engineers
        New York District Upstate Regulatory Field Office
        1 Buffington Street, Building 10, 3d Floor North
        Watervliet, NY 12189-4000

    B.    TO THE UNITED STATES ATTORNEY:

        United States Attorney's Office
        Northern District of New York
        Attn: Civil Chief
        445 Broadway, Room 218
        Albany, NY 12207-2924

    C.    TO THE DEFENDANT:

        Stonybrook Land, LLC
        183 Water Street
        Williamstown, MA 01267

## X. COSTS OF SUIT

36. Each party to this Consent Decree shall bear its own costs and attorneys' fees in this action. Should the Defendant subsequently be determined by the Court to have violated the terms or conditions of this Consent Decree, the Defendant shall be liable for any costs or attorneys' fees incurred by the United States in any action against the Defendant for noncompliance with or enforcement of this Consent Decree.

## XI. PUBLIC COMMENT

37. The parties acknowledge that after the lodging and before the entry of this Consent Decree, final approval by the United States is subject to the requirements of 28 C.F.R. § 50.7, which provides for public notice and comment. The United States reserves the right to withhold or withdraw its consent to the entry of this Consent Decree if the comments received disclose facts which lead the United States to conclude that the proposed judgment is inappropriate, improper, or inadequate. The Defendant agrees not to withdraw from, oppose entry of, or to challenge any provision of this Consent Decree, unless the United States has notified the Defendant in writing that it no longer supports entry of the Consent Decree.

## XII. CONTINUING JURISDICTION OF THE COURT

38. This Court shall retain jurisdiction over this action in order to enforce or modify the Consent Decree consistent with applicable law or to resolve all disputes arising hereunder as may be necessary or appropriate for construction or execution of this Consent Decree. During the pendency of the Consent Decree, any party may apply to the Court for any relief necessary to construe and effectuate the Consent Decree.

## XIII. MODIFICATION

39. Upon its entry by the Court, this Consent Decree shall have the force and effect of a final judgment. Any modification of a time deadline identified in Appendix "A" shall be set forth in an agreement made between the United States and the Defendant, made in writing and filed with the Court. Any other modification of this Consent Decree shall be in writing, and shall not take effect unless signed by both the United States and the Defendant and approved by the Court.

## XIV. TERMINATION

40. This Consent Decree may be terminated by either of the following:

   A. Defendants and the United States may at any time make a joint motion to the Court for termination of this Decree or any portion of it; or

   B. The Defendant may make a unilateral motion to the Court to terminate this Decree after each of the following has occurred:

   1. The Defendant has obtained and maintained compliance with all provisions of this Consent Decree and the CWA for twelve (12) consecutive months;

   2. The Defendant has paid all penalties hereunder;

   3. The Defendant has certified compliance pursuant to subparagraphs 1 and 2 above to the Court and all Parties; and

   4. Within forty-five (45) days of receiving such certification from the Defendant, the Corps of Engineers has not contested in writing that such compliance has been achieved. If the Corps of Engineers disputes Defendant's full compliance, this Consent Decree shall remain in effect pending resolution of the dispute by the Parties or the Court.

IT IS SO ORDERED.

Dated and entered this __18th__ day of __December__, 2013.

_[signature]_
Hon. ~~Thomas J. McAvoy~~ Frederick J. Scullin, Jr.
Senior United States District Judge

ON BEHALF OF THE UNITED STATES:

RICHARD S. HARTUNIAN
United States Attorney

By: _____  Dated: 9/5/2013
ADAM J. KATZ
Assistant United States Attorney
Bar Roll No. 517894
445 Broadway, Room 218
Albany, NY 12207-2924

UNITED STATES ARMY CORPS OF ENGINEERS
NEW YORK DISTRICT:

By: _____  Dated: SEP 0 9 2013
JODI M. McDONALD
Chief, Regulatory Branch
26 Federal Plaza, Room 1937
New York, NY 10278-0030

FOR DEFENDANT:

STONYBROOK LAND, LLC

By signing below, the defendant through its President and sole member, David Lipinski, acknowledges reading each of the provisions of this Consent Decree (including all appendices) and understands its provisions. The defendant, through Mr. Lipinski, further acknowledges that the defendant's agreement to enter this Consent Decree is voluntary and did not result in any force, threat, or promises (other than the promises in this Consent Decree).

By: _____  Dated: 9/5/2013
DAVID LIPINSKI, Member
183 Water Street
Williamstown, MA 01267